United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1411
_____

United States of America,           *

                             *

         Appellee,         *

                             *   Appeal from the United States

     v.                   *   District Court for the

                             *   District of South Dakota.

Cicero Harley Two Crow,      *

                             *   [UNPUBLISHED]

         Appellant.      *

_____

Submitted: September 5, 1997
Filed: September 17, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD,  Circuit Judges.

_____

PER CURIAM.


Cicero Harley Two Crow, a Native American, killed two persons and seriously injured another when he drove his truck over the center line of a highway and collided head-on with another vehicle.  Two Crow, who sustained only a minor concussion, had been driving about 77 miles per hour at the time of the collision, and his blood-alcohol level registered .318 several hours later, when he submitted to testing.  He later pleaded guilty to one count of involuntary manslaughter, in violation of 18 U.S.C. §§ 1153 and 1112.  After calculating a Guidelines sentencing range of 10 to 16 months based on the

involuntary-manslaughter Guideline, U.S. Sentencing Guidelines Manual § 2A1.4 (1995), the district court[1] departed upward, sentencing Two Crow to 60 months imprisonment and 3 years supervised release; the court also ordered him to pay $8,164 in restitution. Two Crow appeals, challenging the upward departure. We affirm.

A sentencing court has discretion to depart from the applicable Guidelines range when a case involves an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). We review "departure decisions under a 'unitary abuse-of-discretion standard.'" United States v. Washington, 109 F.3d 459, 462 (8th Cir. 1997) (quoting Koon v. United States, 116 S. Ct. 2035 (1996)).

In support of the departure, the district court noted that Two Crow's conduct had caused not only death, but serious physical injury to another. The Guidelines indicate significant physical injury is a ground for departure, and section 2A1.4 "does not appear to take into account physical injuries sustained by persons other than the decedent." See United States v. Sasnett, 925 F.2d 392, 398 (11th Cir. 1991) (citing U.S. Sentencing Guidelines Manual § 5K2.2, p.s. (1995)); Koon, 116 S. Ct. at 2045 (district court has authority to depart based on "encouraged" factor if applicable Guideline does not already take factor into account).

The district court also believed the case was atypical in that two deaths occurred, and Two Crow's conduct in entering a vehicle and speeding down the highway when his blood-alcohol level was so high exceeded merely reckless conduct and approached intentional conduct. The Guidelines authorize departure in the case of death, instructing a sentencing judge to consider such factors as whether multiple deaths

---

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

occurred, the dangerousness of the defendant's conduct, "the extent to which death or serious injury was intended or knowingly risked, and the extent to which the offense level for the offense of conviction . . . already reflects the risk of personal injury." U.S. Sentencing Guidelines Manual § 5K2.1, p.s. (1995). Although section 2A1.4 necessarily takes death into account, it makes no adjustment for the number of deaths that resulted from a defendant's conduct, or the degree of recklessness involved in causing those deaths, other than to distinguish between criminally negligent and reckless conduct. See Koon, 116 S. Ct. at 2045 (court may depart even when "encouraged factor" is taken into account by applicable Guideline if factor is present to exceptional degree or in some other way makes case different from ordinary case where factor is present).

In these circumstances, we conclude the district court did not abuse its discretion in departing upward to a sentence of 60 months. Cf. Sasnett, 925 F.2d at 394-95, 398 (approving upward departure to 60 months imprisonment where defendant with blood-alcohol level of .24 drove vehicle that collided with another vehicle, resulting in one death and serious injuries to another).

Accordingly, we affirm Two Crow's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-